**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

**KATHERINE LAGOR and**
**TIMOTHY LAGOR, Individually**
**and as Parents, Guardians and Next Friends of**
**EMILY GRACE LAGOR, a Minor**
**112 Arcade Avenue**
**Seekonk, MA 022771**

**Plaintiffs,**

**v.**

**ELI LILLY AND COMPANY**
**Lilly Corporate Center**
**Indianapolis, IN 46285**
**w/s/o NATIONAL REGISTERED AGENTS, INC.**
**1090 Vermont Avenue, NW, #910**
**Washington, DC 20005**

**and**

**DART INDUSTRIES, INC. a successor to**
**REXALL DRUG COMPANY, INC.**
**w/s/o: Sheila AnnMarie Moeller, Esq.**
**Gilbride, Tusa, Last & Spellane LLC**
**31 Brookside Drive**
**Greenwich, CT 06836**

**Defendants,**

**CIVIL ACTION NO.** CA 07 295 ML

**COMPLAINT**
**(DES Litigation - Products Liability, Punitive Damages)**

1. Jurisdiction is founded upon 28 U.S.C. §1332(a).

2. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3. Plaintiffs, are citizens of the United States, and residents of Massachusetts, and Plaintiffs were born in the State of Rhode Island. All Plaintiffs received medical care and treatment in the State of Massachusetts.

4. Plaintiff Katherine Lagor and Timothy Lagor bring this suit individually and as the parents, guardians and next friends of Plaintiff Emily Grace Lagor, a minor.

5. Defendant, Eli Lilly and Company is a resident of and has its principal place of business in the State of Indiana and is the manufacturer of Diethylstilbestrol ("DES"), who sold and promoted the drug to Barbara Fahey, the mother of the Plaintiff Katherine Lagor, in 1954-1955 in Massachusetts.

6. Defendant, Dart Industries, Inc., a successor to Rexall Drug Company, Inc., is a resident of and has its principal place of business in the State of Florida and is the manufacturer of Diethylstilbestrol ("DES"), who sold and promoted the drug to Barbara Fahey, the mother of the Plaintiff Katherine Lagor, in 1954-1955 in Massachusetts.

7. Defendants are engaged, or have been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and are doing business in the District of Columbia, and sought and obtained industry wide and governmental approval for Diethylstilbestrol ("DES") within the District of Columbia.

**COUNT I**
**(Negligence - Katherine Lagor v. Eli Lilly and Company et.al.)**

8. During her pregnancy with Plaintiff Katherine Lagor on or about 1954-1955, the mother of the Plaintiff Katherine Lagor, Barbara Fahey, purchased and ingested DES in the state of Massachusetts exposing her daughter to same during her formation. Said drug was prescribed by her treating obstetrician during the pregnancy. The drug ingested was manufactured, sold, distributed and promoted by Defendant Lilly and/or Dart Industries, Inc..

9. As a result of Plaintiff Katherine Lagor's embryonic exposure to DES, she suffered injuries, including, but not limited to, uterine and cervical malformations, resulting in infertility, the inability to carry a pregnancy to term, the premature birth of minor Plaintiff Emily Grace

Lagor, medical expenses for care and treatment, physical and mental pain, and the inability to have the family she desired.

10. Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

**COUNT II**
**(Strict Liability - Katherine Lagor v. Eli Lilly and Company et.al.)**

11. All of the allegations contained in paragraphs 1 though 10 are hereby realleged.

12. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendants' extensive advertising campaigns proclaiming the safety and efficacy of DES.

14. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff Katherine Lagor was unreasonably exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

15. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to Plaintiff Katherine Lagor for her DES-related injuries, losses, and damages.

**COUNT III**
**(Breach of Warranty - Katherine Lagor v. Eli Lilly and Company et.al.)**

16. All of the allegations contained in paragraphs 1 through 15 are hereby realleged .

17. At all times relevant to this action, Defendants marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

18. Defendants knew, or should have known, that pregnant women, including the mother of Plaintiff Katherine Lagor and her attending physicians, were relying on Defendants' skills and judgments, and the implied and express warranties and representations.

19. At all times relevant to this action, these implied and express warranties and representatives were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

20. As a direct result of the breach of warranties by the Defendants, Plaintiff Katherine Lagor has been injured as aforesaid.

**COUNT IV**
**(Misrepresentation - Katherine Lagor v. Eli Lilly and Company et.al.)**

21. All of the allegations contained in paragraphs 1 through 20 are hereby realleged.

22. Defendants represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

23. The mother of the Plaintiff Katherine Lagor and her attending physicians, did, in fact, rely on Defendants' representations in its advice about purchase, use, and consumption of DES.

24. At all times relevant to this action, these representations were known to Defendants to be false or they were made by Defendants in conscious, reckless and/or unreasonable disregard of facts available to Defendants, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

25. As a direct result of said false representations by Defendants, Plaintiff Katherine Lagor was injured as aforesaid.

**COUNT V**
**(Negligence – Emily Grace Lagor, a Minor v. Eli Lilly and Company et.al.)**

26. Plaintiffs Katherine Lagor and Timothy Lagor brings this suit as parents, guardians and next friends of Emily Grace Lagor, a minor, who was injured as a result of her premature birth, as a result of her mother's, Plaintiff Katherine Lagor's, exposure to DES in utero.

27. The drug DES is a transplacental teratogen capable of crossing the placenta and entering the blood stream of the developing fetus. The reproductive tract of the developing female is sensitive to the estrogenic stimulation of DES (a synthetic estrogen promoted, manufactured, sold and distributed by Defendants). In 1954-1955, Barbara Fahey, the minor Plaintiff's grandmother, ingested DES, which caused her daughter's developing reproductive tract to become deformed, marred and stunted. This defect is such that the organs (uterus and cervix) are not capable of holding back, restraining or delaying pregnancy. The infant, Emily Grace Lagor, was born 7 weeks early, at 33 weeks gestation, because of her mother's DES-injured birth uterus, which she shared for the 33 weeks of her gestation. As a result, Emily Grace Lagor was born prior to full maturity of her lungs, brain and body, resulting in permanent and severe injuries, including, but not limited to diplegic spastic cerebral palsy, all of which have caused and continue to cause pain and suffering, medical and surgical expenses, loss of future earnings, therapeutic expenses and loss of enjoyment of life.

28. Said injuries were the result of the negligence of Defendants, including, but not limited to, failure to test, failure to warn, over-promotion of DES, and failure to report adverse studies regarding the safety and efficacy of DES.

**COUNT VI**
**(Strict Liability – Emily Grace Lagor, a Minor v. Eli Lilly and Company et.al.)**

29. All of the above allegations are realleged and incorporated herein by reference.

30. Prior to 1954-1955, the date the Plaintiff's birth uterus was injured, numerous reports were received in the medical and scientific literature to the effect that:

a. DES, as well as many other chemicals, could cross the placenta;

b. DES and other drugs and chemicals that crossed the placenta could effect and injure the developing fetus;

c. DES was a "target" drug, i.e., it targeted or effected primarily the estrogen receptor organs of the female reproductive tract, whether the primary or secondary exposed person;

d. DES had a potent cellular effect on female reproductive organs;

e. DES was not efficacious and of no value in the prevention of miscarriages for which it was promoted by Defendants;

f. DES was a teratogen to the reproductive tract of fetal animals such as mice, rats and mink when ingested by their mothers during pregnancy;

g. raised questions about the toxicity of DES to the developing fetal female reproductive organs.

31. Based on the above reports, it was foreseeable, expected and knowable by Defendants that DES would expose the daughters of the pregnant women who were ingesting the drug to stunt and deform their cervix and uteri and that it was foreseeable, knowable and

expected in 1954-1955 that DES given to pregnant women could and would stunt and deform their grandchildren's birth uterus, causing prematurity with resulting injury of the grandchildren.

32. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

33. Defendants knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's excessive advertising campaigns proclaiming the safety and efficacy of DES.

34. As a result of Defendants' marketing and promotion of said defective and unreasonably dangerous drugs, Plaintiff's mother, Katherine Lagor, was unreasonably exposed to DES as an unborn child and the minor Plaintiff has suffered injury, loss and damages as aforesaid.

35. Due to having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendants are strictly liable to the minor Plaintiff for his DES-caused injuries, losses and damages.

**COUNT VII**
**(Loss of Consortium – Timothy Lagor v. Eli Lilly et.al.)**

36. All of the allegations contained in Counts I, II, III, IV, V and VI are realleged and incorporated herein by reference.

37. Plaintiff, Timothy Lagor. is the husband of Katherine Lagor. As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendant as aforesaid,

Plaintiff Timothy Lagor has been deprived of the love, services and affection of his wife, Katherine Lagor.

**WHEREFORE**, Plaintiff Katherine Lagor, individually, demands judgment against Defendants, jointly and severally in the sum of $1 Million ($1,000,000.00) in compensatory damages, plus costs.

**WHEREFORE**, Plaintiff Timothy Lagor, individually, demands judgment against Defendants, jointly and severally in the sum of $ 500 Thousand ($500,000.00) in compensatory damages, plus costs.

**WHEREFORE**, Plaintiff Katherine Lagor and Timothy Lagor, as Parents, Guardians and Next Friends of Emily Grace Lagor, a minor, demands judgment against Defendant for $10 Million ($10,000,000.00) in compensatory, plus costs.

Respectfully submitted,
AARON M. LEVINE & ASSOCIATES, P.A.

______________________________
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C. 20036
(202) 833-8040

______________________________
Brandon J. Levine, #412130

______________________________
Renee L. Robinson-Meyer, #455375

______________________________

Steven J. Lewis, #472564

Counsel for Plaintiffs

**JURY DEMAND**

Plaintiffs hereby demand trial by a jury of six as to all issues of material fact.

______________________________
Aaron M. Levine