UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

07 295ML

| | | |
|---|---|---|
| KATHERINE LAGOR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 1:06cv01967 |
| v. | ) | |
| | ) | Judge John D. Bates |
| ELI LILLY AND COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER OF DEFENDANT DART INDUSTRIES, INC.

Defendant Dart Industries, Inc., (formerly known as Rexall Drug Company, hereinafter referred to as "Dart"), by counsel, for itself alone and denying knowledge or information sufficient to form a belief with respect to allegations concerning any other defendant in this action, answers the Complaint herein as follows.

1. Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 1 through 5 of the Complaint and therefore Dart denies those averments.

2. In response to the averments contained in paragraph 6 of the Complaint, Dart admits that Dart was formerly known as Rexall Drug Company, that Dart's principal place of business in located in the state of Florida and that Rexall Drug Company manufactured certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others. Except as specifically admitted, Dart denies the averments contained in paragraph 6 of the Complaint.

3. In response to the averments contained in paragraph 7 of the Complaint, Dart admits that Rexall Drug Company sold and distributed certain DES pharmaceutical products between 1949 and 1969, and manufactured certain DES products between 1949 and 1967, if the term "manufacture" is defined to include the process of adding inert ingredients to the bulk active chemical produced by and purchased from others and that in the past Dart has done business in the District of Columbia. Except as specifically admitted, Dart denies the averments contained in paragraph 7 of the Complaint.

4. Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 8 of the Complaint and therefore Dart denies those averments.

5. Dart denies the averments contained in paragraphs 9 and 10 of the Complaint.

6. In response to the averments contained in paragraph 11 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 10.

7. Dart denies the averments contained in paragraphs 12 through 15 of the Complaint.

8. In response to the averments contained in paragraph 16 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 15.

9. Dart denies the averments contained in paragraphs 17 through 20 of the Complaint.

10. In response to the averments contained in paragraph 21 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 20.

11. Dart denies the averments contained in paragraphs 22 through 25 of the Complaint.

12. Dart is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 26 and 27 of the Complaint and therefore Dart denies those averments.

13. Dart denies the averments contained in paragraph 28 of the Complaint.

14. In response to the averments contained in paragraph 29 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 28.

15. Dart denies the averments contained in paragraphs 30 through 35 of the Complaint.

16. In response to the averments contained in paragraph 36 of the Complaint, Dart hereby incorporates by reference its responses to paragraphs 1 through 35.

17. In response to the averments contained in paragraph 37 of the Complaint, Dart is without knowledge or information sufficient to form a belief as to the truth of the averment that Timothy Lagor is the husband of Katherine Lagor and therefore Dart denies that averment. Dart denies the remaining averments contained in paragraph 37 of the Complaint.

18. All averments contained in the Complaint that are not admitted specifically above, are hereby denied.

**AS AND FOR AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

19. Plaintiffs' alleged causes of action contained in the Complaint may be barred by applicable statutes of limitation or by the doctrine of laches.

SECOND AFFIRMATIVE DEFENSE

20. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

THIRD AFFIRMATIVE DEFENSE

21. If the causes of action asserted in plaintiffs' Complaint state claims upon which relief can be granted, plaintiffs have failed to join and include in this action all identifiable and indispensable parties without whom in equity and in fairness this action should not proceed.

FOURTH AFFIRMATIVE DEFENSE

22. To the extent that plaintiffs assert claims of fraud, plaintiffs have failed to state a cause of action in that plaintiffs assert mere allegations and fail to state with particularity the circumstances constituting the wrong as required by Rule 9 of the Federal Rules of Civil Procedure.

FIFTH AFFIRMATIVE DEFENSE

23. Plaintiffs lack capacity and standing to sue by reason of the fact that no duty was owed the plaintiffs by this answering defendant at the time the mother of the plaintiff Katherine Lagor allegedly used the drug referred to in the

Complaint or by the reason of the doctrine of en ventre sa mere and, therefore, plaintiffs have failed to state facts sufficient to state a claim upon which relief can be granted.

SIXTH AFFIRMATIVE DEFENSE

24. The plaintiffs have been unable to identify this defendant as the defendant causing the alleged injuries, and therefore have failed to state a cause of action against this defendant.

SEVENTH AFFIRMATIVE DEFENSE

25. Any damages, injuries or losses that may have been sustained by the plaintiffs, as alleged in the Complaint, were sustained only after the mother of the plaintiff Katherine Lagor knowingly and voluntarily assumed any alleged risk inherent in the consumption or use of the drug referred to in the Complaint, with respect to herself and her offspring.

EIGHTH AFFIRMATIVE DEFENSE

26. Upon information and belief, any injuries, losses or damages that the plaintiffs may have sustained were caused by the negligence of the plaintiffs.

NINTH AFFIRMATIVE DEFENSE

27. Plaintiffs are barred from asserting the claims contained in the Complaint because if the drug referred to in the Complaint was used by the mother of the plaintiff Katherine Lagor during her pregnancy with the plaintiff Katherine Lagor, the use of said drug was responsible for the birth of the plaintiff Katherine Lagor.

TENTH AFFIRMATIVE DEFENSE

28. If the plaintiffs sustained any injury or incurred any loss or damage as alleged in the Complaint, the same were caused in whole or in part by acts or omissions of another or others over whom this defendant exercised and had no right of control, for which this defendant is not responsible, and whose conduct this defendant had no duty or reason to anticipate or control.

ELEVENTH AFFIRMATIVE DEFENSE

29. If in fact the mother of the plaintiff Katherine Lagor used the product referred to in the Complaint, upon information and belief, said product was used for a purpose and in a manner not intended or recommended by the manufacturer or distributor thereof and over which this defendant had no control.

TWELFTH AFFIRMATIVE DEFENSE

30. With respect to all claims based upon alleged breach of express or implied warranties, there was no privity between the plaintiffs and this defendant.

THIRTEENTH AFFIRMATIVE DEFENSE

31. With respect to all claims based upon alleged breach of express or implied warranties, there was no timely notice of any alleged breach of warranty given to this defendant at any time.

FOURTEENTH AFFIRMATIVE DEFENSE

32. The causes of action asserted herein by the plaintiffs, who admittedly are unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, inter alia, plaintiffs have asserted claims for relief which, if granted, would contravene this

defendant's constitutional rights to substantive and procedural due process of law under the United States Constitution.

FIFTEENTH AFFIRMATIVE DEFENSE

33. The causes of action asserted by the plaintiffs herein, who admittedly are unable to identify the manufacturer of the alleged injury-causing product, fail to state a claim upon which relief can be granted, in that, inter alia, plaintiffs have asserted claims for relief, which, if granted, would constitute a taking of private property for a public use, without just compensation and such a taking would contravene this defendant's constitutional rights under the United States Constitution.

SIXTEENTH AFFIRMATIVE DEFENSE

34. The causes of action asserted herein by the plaintiffs fail to state a claim upon which relief can be granted, in that, inter alia, plaintiffs have asserted claims for relief which, if granted, would constitute a denial by this Court of this defendant's constitutional rights to equal protection of the laws under the United States Constitution.

SEVENTEENTH AFFIRMATIVE DEFENSE

35. The causes of action asserted herein by the plaintiffs fail to state a claim upon which relief can be granted in that, inter alia, plaintiffs have asserted claims for relief, which, if granted, would impose an improper, retroactive penalty and impermissible intrusion on interstate commerce and federal laws and regulations and would, thereby, violate the United States Constitution.

EIGHTEENTH AFFIRMATIVE DEFENSE

36. If in fact plaintiffs' Complaint is held to contain a cause of action upon which relief could be granted, then plaintiffs' recovery, if any, should be reduced by the relative amount of comparative fault attributable to the plaintiffs, or their agents, or persons other than this answering defendant.

NINETEENTH AFFIRMATIVE DEFENSE

37. The place of filing of this action was set without due regard to the onvenience of the parties, witnesses, feasibility of compelling testimony of witnesses, availability of physical evidence or other proof and constitutes a forum non conveniens that requires that the action be tried in another jurisdiction.

TWENTIETH AFFIRMATIVE DEFENSE

38. Dart incorporates by reference and makes a part hereof all applicable affirmative defenses set forth in the answers of any other defendant and will rely on all defenses which may become available during discovery or trial.

**WHEREFORE**, Defendant Dart Industries, Inc. respectfully prays that this Court dismiss the Complaint herein or otherwise deny each and every request for relief therein and that it be awarded such other and further relief to which it may be entitled and which this Court may deem just and proper, including the costs and disbursements of the defense of this action.

DART INDUSTRIES, INC.

By Counsel

Troutman Sanders LLP
1660 International Drive, Suite 600
McLean, Virginia 22102
(703) 734-4356

By: /s/ John F. Anderson
John F. Anderson
DC Bar No. 393764

OF COUNSEL

Sheila AnnMarie Moeller
Gilbride, Tusa, Last & Spellane LLC
31 Brookside Drive
Greenwich, CT 06836
(203) 622-9360