**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KATHARINE LAGOR, et al.**<br>**Plaintiffs,**<br>**v.**<br>**ELI LILLY AND COMPANY, et al.**<br>**Defendants.** | **Civil Action No. 06-1967(JDB)** |

## MEMORANDUM OPINION

Plaintiffs Katharine Lagor and Timothy Lagor bring this products-liability action individually and on behalf of their minor daughter, Emily Grace Lagor, against defendant Eli Lilly and Company for injuries allegedly sustained as a result of Katharine Lagor's in utero exposure to diethylstilbestrol ("DES"). Both parties now move to transfer this action to a different venue pursuant to 28 U.S.C. §1404(a). Plaintiffs seek transfer to the U.S. District Court for the District of Massachusetts, while defendants seek transfer to the U.S. District Court for the District of Rhode Island. Upon consideration of the parties' submissions, and for the reasons set forth below, the Court will grant defendant's motion and deny plaintiffs' motion, and accordingly this case will be transferred to the District of Rhode Island.

## BACKGROUND

The parties agree as to the central facts relevant to the disposition of their respective motions to transfer. Plaintiffs reside in Seekonk, Massachusetts -- a town located approximately five miles from the Massachusetts-Rhode Island border. Plaintiff Katharine Lagor's mother,

Barbara Fahey, also lives in Seekonk. While pregnant with Katharine, Fahey was prescribed DES by her physicians in Providence, Rhode Island. Fahey purchased DES at a pharmacy in Rumford, Rhode Island and ingested the drug at her home in Seekonk. Fahey gave birth to plaintiff Katharine Lagor in Providence, Rhode Island in 1955.* As a result of her embryonic DES exposure, Katharine allegedly sustained cervical incompetency and was rendered incapable of carrying a child to full term. Consequently, Katharine's daughter, Emily Grace Lagor, was born prematurely and now suffers from cerebral palsy.

Like her mother, Emily Grace Lagor was born in Providence, Rhode Island. All but one of the physicians identified as having diagnosed or treated Emily Grace and Katharine Lagor for their alleged DES-related injures are located in Rhode Island. Emily Grace has been hospitalized once in Boston, Massachusetts, and numerous times throughout Rhode Island. The operative facts of this case are thus connected to both the state of Rhode Island and the state of Massachusetts. Plaintiffs concede that this case has no connection to the District of Columbia "beyond that the Defendants conduct or have conducted significant business there." Pls.' Mot. to Transfer at 2.

## ANALYSIS

28 U.S.C. §1404(a) authorizes a district court to transfer any civil action to any other district where it originally might have been brought "[f]or the convenience of parties and

---

* Contrary to plaintiffs' assertion that Katharine Lagor was born in Seekonk, Massachusetts, see Pls.' Mem. in Supp. of Mot. to Transfer ("Pls.' Mem.") at 1, Katharine Lagor identifies her place of birth as Providence, Rhode Island. See Def's. Exh. 2 (Katharine Lagor's Answers to Interrogatories) at 2, No. 1.

witnesses, [and] in the interest of justice." A party moving to transfer under 28 U.S.C. §1404(a) bears the burden of establishing (1) that the plaintiff initially could have brought the action in the proposed transferee district, and (2) that considerations of convenience and the interests of justice weigh in favor of transfer. See Brannen v. National R.R. Passenger Corp., 403 F. Supp. 2d 89, 92 (D.D.C. 2005); see also Trout Unlimited v. Dep't of Agric., 944 F. Supp. 13, 16 (D.D.C. 1996). Plaintiffs do not dispute that they could have brought this suit in the District of Rhode Island, nor do defendants dispute plaintiffs' contention that suit could have been filed in the District of Massachusetts. Subject-matter jurisdiction, personal jurisdiction, and venue would be proper in both states. Because plaintiffs and defendants have both met the threshold requirement for transfer under §1404(a), the Court must assess whether either party has satisfied its burden of showing that considerations of convenience and the interests of justice support transfer to the District of Massachusetts or to the District of Rhode Island.

Section §1404(a) grants district courts broad discretion "to adjudicate motions to transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Specifically, courts weigh a number of "private-interest" and "public-interest" factors in order to evaluate whether transfer is warranted in a particular case. Trout Unlimited, 944 F. Supp. at 16. The private-interest considerations include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be unavailable for trial in one of the fora; and (6) the ease of access to the sources of proof. Id. (citations omitted). The public-interest considerations include: (1) the

transferee court's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in adjudicating local controversies at home. Id.

**A. Private-Interest Factors**

Here, the private-interest factors weigh in favor of transfer to the District of Rhode Island. With respect to the first private interest factor -- the plaintiff's choice of forum -- courts have recognized that the deference generally given to a plaintiff's choice of forum is reduced when the chosen forum is not the plaintiff's home forum, see Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981); Boers v. United States, 133 F. Supp. 2d 64, 65 (D.D.C. 2001), or when the chosen forum has "no factual nexus with the lawsuit," Schmid Labs., Inc. v. Hartford Acc. & Indem. Co., 654 F. Supp. 734, 737 (D.D.C. 1986). The showing a defendant must make to justify transfer is further diminished where transfer is sought to a "forum with which plaintiffs have substantial ties and . . . the subject matter of the lawsuit is connected." Trout Unlimited, 944 F. Supp. at 17. Thus, in a DES case similar to this one, another judge in this district granted the defendant's motion to transfer from the District of Columbia both because the case was substantially connected to the transferee forum and because the District of Columbia had "no such connection" to the case. Thompson v. Eli Lilly and Co., Civ. A. No. 03-122, slip. op. at 5 (D.D.C. June 27, 2003). Just like in Thompson, the only link between the present case and the District of Columbia is that Eli Lilly has conducted significant business in the District. Plaintiffs Katharine and Emily Grace Lagor were born in Rhode Island, all but one of plaintiffs' physicians are located in Rhode Island, and Barbara Fahey purchased and was prescribed DES in Rhode Island. Because the District of Columbia was not plaintiffs' home forum to begin with -- nor the

situs of any of the facts giving rise to this specific cause of action -- plaintiffs' initial choice of forum merits little deference.

Several district courts have also recently held that where a plaintiff herself seeks transfer, the plaintiff's "second or third choices of forum receive[] no deference." Health Discovery Corp. v. Ciphergen Biosystems, Inc., Civ. A. No. 06-260, 2007 WL 128283, at *3 (E.D. Tex. Jan. 11, 2007) (emphasis added); see also Tiffany v. Hometown Buffet, Inc., Civ. A. No. 06-2524, 2006 WL 2792868, at *2 (N.D. Cal. Sept. 28, 2006). Although the record does not disclose plaintiffs' motivations for initially filing suit in the District of Columbia and then requesting transfer to the District of Massachusetts four months later (rather than bringing suit in Massachusetts originally), the Supreme Court has warned against allowing parties to use motions to transfer as veiled means of forum shopping. See Van Dusen, 376 U.S. at 636 (stating that §1404(a) was intended as a "judicial housekeeping measure" rather than a "forum-shopping instrument"); see also Schmid Labs, 654 F. Supp. at 737 (stating that "the transfer provisions in the U.S. Code . . . were in part intended to prevent forum shopping"); Tiffany, 2006 WL 2792868, at *2 (denying plaintiffs' motion to transfer where filing suit in one jurisdiction and then moving to transfer was indicative of forum shopping). Regardless of whether, as defendants urge, plaintiffs' decision to sue in this district constituted a strategic attempt to avail themselves of the District of Columbia's "advantageous statute of limitations," see Def.'s Mem. in Supp. of Mot. to Transfer ("Def.'s Mem.") at 5, or reflected more practical concerns (such as the presence of plaintiffs' counsel here), this Court accords no weight to plaintiffs' second-choice forum.

The remaining private-interest factors likewise favor transferring the present action to the District of Rhode Island. First, there is a substantial nexus between defendants' forum choice and

the facts of this case. As another member of this Court recently explained in Dean v. Eli Lilly & Co., Civ. A. No. 06-1375, 2007 WL 1589496, at *2 (D.D.C. June 1, 2007), "the issues of whether the plaintiffs were exposed to Eli Lilly's product, the extent of the plaintiffs' injuries, and causation all center around Eli Lilly's sale of DES" -- a sale that, in this case, occurred in Rhode Island.

The third private-interest factor the Court considers -- where the claim arose -- also leans in favor of transfer to Rhode Island. Not only was the DES prescribed to Fahey in Rhode Island, but she also purchased the drug and gave birth to her daughter Katharine there as well. Both Katharine and Emily Grace Lagor received diagnoses and treatment for their alleged DES-related injuries almost exclusively in Rhode Island. Although plaintiffs claim that Fahey's ingestion of DES in Massachusetts serves to make Massachusetts the place of the plaintiffs' injuries, see Pls.' Mem. at 6, and thus the site where their claims arose, plaintiffs have failed to cite any case where the mere fact of DES ingestion in a state warranted transfer to that state. Rather, in all of the cases cited by plaintiffs, the site of ingestion was also the site of the DES prescription, purchase, and usually, the birth of the afflicted child. See Thompson, Civ. A. No. 03-122, slip op. at 2 (finding site where DES was prescribed, purchased, and ingested to be location giving rise to plaintiffs' claims); see also Dean, 2007 WL 1589496, at *3 (plaintiffs' claims arose in Massachusetts because the alleged prescription, purchase, and exposure to DES occurred in that state); Clayton v. Eli Lilly & Co., 421 F. Supp. 2d 77, 80 (D.D.C. 2006) (operative events regarding DES claim include not only site of DES ingestion and in utero exposure, but also place where DES prescription was filled). Moreover, even though Massachusetts was the technical site of plaintiff Katharine Lagor's injuries, Rhode Island remains the place of plaintiff Emily Grace

Lagor's injuries, since they occurred not during in utero DES exposure in Massachusetts, but from a premature birth in Rhode Island. Thus, the clear majority of the material events that constitute the factual basis of plaintiffs' claims occurred in Rhode Island.

While plaintiffs argue that the fourth private-interest factor -- the convenience of the parties -- warrants transfer to Massachusetts, the Court does not find this factor dispositive. By initially filing suit in the District of Columbia, plaintiffs made clear their willingness "to forego the convenience of a geographically nearby forum." Dean, 2007 WL 1589496, at *3. In addition, defendants correctly point out that plaintiffs' hometown of Seekonk, Massachusetts is actually fifty miles closer to the federal courthouse in Providence, Rhode Island than to their requested federal courthouse in Boston, Massachusetts. See Def.'s Mem. at 8. The Court further notes that the parties' desired forums are in relatively close proximity, thereby minimizing any inconvenience to plaintiffs that could result from a transfer to Rhode Island as opposed to a transfer to Massachusetts. Although both parties are represented by counsel in the District of Columbia, the location of counsel "bears little, if any, weight in a court's determination of whether to transfer under §1404(a)." Dean, 2007 WL 1589496, at *3 n.1 (citing McClamrock v. Eli Lilly & Co., 267 F. Supp. 2d 33, 40 (D.D.C. 2003)).

Not only will transfer to Rhode Island result in minimal, if any, inconvenience to the parties, but "the most critical factor to examine under 28 U.S.C. §1404(a) is the convenience of the witnesses," not the convenience of the parties. Chung v. Chrysler Corp., 903 F. Supp. 160, 164 (D.D.C. 1996); see also Abramson v. Eli Lilly & Co., Civ. A. No. 03-2541, slip. op. at 3 (D.D.C. 2004). An examination of the potential witnesses in this case demonstrates that the lawsuit best belongs in the District of Rhode Island. The central issues relevant in a DES

Case 1:06-cv-01967-JDB Document 23 Filed 06/18/2007 Page 8 of 12

products liability/personal injury action are "questions of exposure, product identification, and the nature and extent of [the plaintiffs'] alleged injuries." Thompson, Civ. A. No. 03-122, slip op. at 4 n.1. Aside from deposing the plaintiffs, the resolution of these issues will involve deposing Barbara Fahey, Fahey's prescribing physicians and pharmacists, as well as the physicians who have diagnosed and treated plaintiffs Katharine and Emily Grace Lagor for their alleged DES-related injuries. As plaintiffs admitted in their interrogatory responses, both of Fahey's prescribing physicians, all of Katharine Lagor's named physicians, and all but one of Emily Grace Lagor's physicians are located in Rhode Island. See Def.'s Exh. 2 at 3-7, Nos. 7, 9, 10, 11, 17; Def.'s Exh. 3 (Emily Grace Lagor's Answers to Interrogatories) at 2-3, No. 5. The pharmacy where Fahey filled her DES prescription is also located in Rhode Island. See Def.'s Exh. 2 at 8-9, No. 20. By contrast, there are no essential non-party witnesses in the District of Columbia, and only two potential non-party witnesses in Massachusetts (one of Emily Grace Lagor's seven identified physicians and Fahey herself). Although all of the potential witnesses are within the subpoena power of both Massachusetts and Rhode Island, the vast majority are located in Rhode Island, and consequently, transfer to Rhode Island will be the most convenient for the greatest number of potential witnesses. Finally, transfer to Rhode Island will best facilitate access to sources of proof, given that almost all of the relevant medical and pharmaceutical records are located there.

**B. Public-Interest Factors**

In addition to the private-interest factors weighing in favor of transfer, the relevant public-interest factors also suggest that this case should be transferred to Rhode Island. The first such factor that this Court considers is the proposed transferee district's familiarity with the

governing law. Courts agree that the public interest is "best served by having a case decided by the federal court in the state whose laws govern the interests at stake." Trout Unlimited, 944 F. Supp. at 19; see also Schmid Labs, 654 F. Supp. at 737 n.11. Although the issue has not yet been resolved, Rhode Island substantive law will most likely govern this case. Under the District of Columbia choice of law analysis for tort actions, a court must consider four factors to determine which state's substantive law will apply: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship between the parties, if any, is centered. See Herbert v. District of Columbia, 808 A.2d 776, 779 (D.C. 2002) (citing Restatement (Second) of Conflict of Laws §145 cmt. d (1971)). The Court evaluates these factors for the ultimate purpose of determining which jurisdiction has the most significant relationship to the dispute. See Jaffe v. Palotta Teamworks, 374 F.3d 1223, 1227 (D.C. Cir. 2004); see also Clayton, 421 F. Supp. at 80; Bortell v. Eli Lilly & Co., 406 F. Supp. 2d 1, 5 (D.D.C. 2005).

In this case, Rhode Island has the most significant relationship to the parties' dispute. Although plaintiffs reside in Massachusetts and Katharine Lagor's injuries technically "occurred" in Massachusetts (since the place of injury in DES cases is the location of in utero DES exposure, see, e.g., Dean, 2007 WL 1589496, at *4; Bortell, 406 F. Supp. 2d at 5), Emily Grace Lagor's alleged injuries occurred in Rhode Island. Concretely, Emily Grace Lagor was harmed not when her grandmother ingested DES in Massachusetts in 1954-55, but instead, when she was born prematurely in Rhode Island in 1990. Rhode Island is also the place where most of the conduct causing both of the plaintiffs' injuries occurred -- and where the relationship between the parties

is centered. Barbara Fahey was prescribed DES by a doctor in Rhode Island and she purchased DES from a pharmacy in Rhode Island. The mere fortuity that ingestion of the drug, the "last act necessary to cause plaintiff's injuries," Bortell, 406 F. Supp. at 5, occurred in Massachusetts does not negate the fact that most of the operative events giving rise to the plaintiffs' injuries transpired in Rhode Island. See Clayton, 421 F. Supp at 80 (stating that place where DES prescription was filled is a relevant factor in assessing where conduct causing plaintiffs' injuries occurred); Bortell, 406 F. Supp. at 5 (examining not only place where DES was ingested, but also place where DES was prescribed and dispensed to determine where conduct causing plaintiffs' injuries occurred).

Also favoring Rhode Island as a venue is the principle that a plaintiff's residence and place of injury -- although both relevant in choice-of-law analyses -- are by no means dispositive where most of the conduct leading to the injury occurred elsewhere. See Long v. Sears Roebuck & Co., 877 F. Supp. 8 (D.D.C. 1995). The court in Long found that District of Columbia law applied to a products liability action stemming from an accident involving a Maryland resident that had occurred in Maryland, since the conduct leading to the injury (that is, "the sale of the allegedly defective product") occurred in the District of Columbia, the "seller-purchaser relationship" between the parties was centered in the District of Columbia, and the defendants' "alleged misrepresentation" as to the safety of their product occurred in the District of Columbia. Id. at 12. Just as in Long, the conduct causing plaintiffs' injuries in this case -- the prescription and sale of the DES -- occurred in Rhode Island, the seller-purchaser relationship between the parties was consummated at a pharmacy in Rhode Island, and any alleged misrepresentation made by Eli Lilly to the plaintiffs' physicians and pharmacists also occurred in Rhode Island

(where they were located). Hence, while Massachusetts certainly has an interest in the present litigation because it is the site of plaintiff Katharine Lagor's injuries and plaintiffs' place of residence, Rhode Island has a more significant interest in plaintiffs' claims and, consequently, its substantive law will probably apply to this case. Because a Rhode Island court is best qualified to apply its own law, plaintiffs' claims should be heard in Rhode Island.

The second public-interest factor -- the relative docket congestion in the transferor and transferee forums -- also points towards transfer to Rhode Island. As this Court explained in Abramson, Civ. A. No. 03-2541, slip op. at 4-5, "given the very minimal connection of this lawsuit to the District of Columbia, it does not seem appropriate to burden this jurisdiction and its limited resources . . . with this case." Not only is Rhode Island's court calendar less congested than the court calendar of the District of Columbia, but it is also less congested than the court calendar of Massachusetts. See James C. Duff, 2006 Annual Report of the Director of the United States Courts, App. C5 & C10, http://www.uscourts.gov/judbus2006/appendices/c5.pdf; http://www.uscourts.gov/judbus2006/appendices/c10.pdf. Moreover, since discovery in this case has just begun -- and the Court has not yet familiarized itself with the underlying merits of the plaintiffs' claims -- there would be relatively little delay associated with transfer to Rhode Island.

Finally, transfer to Rhode Island will support the compelling public interest in having controversies resolved in the locale where they arise. Although Massachusetts undoubtedly has an interest in adjudicating the personal injury claims of its own citizens, see, e.g., Dean, 2007 WL 1589496, at *5; Lentz v. Eli Lilly and Co., 464 F. Supp. 2d 35, 38 (D.D.C. 2006), Rhode Island has an even greater interest in adjudicating DES cases in which the alleged prescription of DES, sale of DES, and birth of the afflicted individuals all occurred within its borders.

**CONCLUSION**

For the foregoing reasons, defendants' motion to transfer this case to the U.S. District Court for the District of Rhode Island pursuant to 28 U.S.C. §1404(a) is granted, and plaintiffs' motion to transfer this case to the U.S. District Court for the District of Massachusetts is denied. A separate order has been posted on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: June 18, 2007